UNITED STATES COURT OF APPEALS

**Filed 1/7/97**

FOR THE TENTH CIRCUIT

STEVEN R. COVALT, as Trustee of
the L.B. Maytag Revocable Trust,

Plaintiff-Appellant,

v.

FIRST AMERICAN TITLE
INSURANCE COMPANY, a
California corporation; TITLE
GUARANTY COMPANY OF
WYOMING, now known as First
American Title Guaranty of Wyoming,
a Wyoming corporation,

Defendants-Appellees.

No. 96-8049
(D.C. No. 95-CV-1044)
(D. Wyo.)

ORDER AND JUDGMENT[*]

Before TACHA, EBEL, and BRISCOE, Circuit Judges.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff Steven R. Covalt, as trustee of the L.B. Maytag Revocable Trust (the Maytag Trust), appeals from the grant of summary judgment in favor of defendants First American Title Insurance Company and Title Guaranty Company of Wyoming, and the denial of his cross-motion for partial summary judgment in this action seeking to recover damages under a title insurance policy for losses sustained by the Maytag Trust upon the sale of certain Wyoming real property. We have jurisdiction under 28 U.S.C. § 1291, and affirm.

The parties stipulated to the following facts. See generally Appellant's App. at 15-18. L.B. Maytag, Jr., purchased the Hidden Valley Ranch in 1969. Defendant Title Guaranty Company of Wyoming issued an insurance policy at that time that specifically insured Maytag against any loss or damage caused by "lack of a right of access to and from the land." Id. at 23. Defendant First American Title Insurance Company reinsured the policy in 1989.

In 1988, Maytag established the Maytag Trust and transferred the ranch to the Trust by quitclaim deed. Maytag died in 1990. Covalt, as trustee of the Maytag Trust, arranged to sell the ranch to Benjamin and Sarah Pierce in 1993.

First American issued a title insurance policy, but refused to remove an exception for damages caused by a "lack of a right of access to and from the land." Id. at 56. Because Covalt could not provide the Pierces with an insured right of access, they were unwilling to pay more than seventy percent of the ranch's original purchase price. Covalt sued defendants for breach of contract to recover this loss.

Defendants maintain that the original title insurance policy, by its clear and unambiguous terms, insured only the person "designated as the Insured under Schedule A . . . [and] the heirs, devisees, [and] personal representatives of such Insured," id. at 23, and that the Maytag Trust was not an insured under this language. Plaintiff contends that because Maytag, the named insured, retained certain interests in the ranch after he created the Maytag Trust, the Trust was also an insured under this policy.

The district court found that the policy clearly and unambiguously limited coverage to L.B. Maytag, Jr., and his heirs, devisees, and personal representatives, and that the Maytag Trust was not Maytag's heir, devisee, or personal representative, as those terms are defined by Wyoming law. See Appellant's App. at 133-34; Wyo. Stat. Ann. § 2-1-301(a)(i), (xii), (xv), (xx), (xxiv), (xxviii). It further found that because Maytag died three years before Covalt sold the ranch, Maytag had no insurable interest in the ranch then to alter

this conclusion. <u>See</u> Appellant's App. at 132-33. The court therefore granted defendants' motion for summary judgment, and denied Covalt's cross-motion for partial summary judgment.

We review the grant of summary judgment de novo, using the same standard as that applied by the district court. <u>Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.</u>, 912 F.2d 1238, 1241 (10th Cir. 1990). The parties agree that the case presents only a question of law. We find no error in the district court's analysis of the issue. The policy clearly and unambiguously limited coverage to Maytag and his heirs, devisees, and personal representatives, which, according to Wyoming law, did not include the Maytag Trust.

The judgment of the United States District Court for the District of Wyoming is AFFIRMED.

Entered for the Court

Deanell Reece Tacha
Circuit Judge